IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MATTHEW DWAIN RENNER,<br><br>　　　　　　Defendant. | 8:14CR132<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 40. The Defendant earlier submitted a letter dated April 18, 2020, ECF No. 38, in which he sought permission to file a motion under § 2255 out of time. In the Court's Memorandum and Order of May 26, 2020, ECF No. 39, the Court noted that the Defendant would need to submit his Motion for initial review before the Court could determine whether it could be considered timely under § 2255(f)(3).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)　the date on which the judgment of conviction becomes final;
>
> (2)　the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)　the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The Defendant pled guilty to Count I of the Indictment, charging him with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Because he had two prior felony drug convictions, he was found to be a career offender and a Chapter Four Enhancement was applied pursuant to U.S.S.G. § 4B1.1.  He was sentenced on January 5, 2015, to a term of 188 months imprisonment and five years of supervised release.  Judgment was entered on January 8, 2015.  He did not appeal, nor did he file any previous motions under § 2255.

In his pending Motion, the Defendant cites to the decision of the U.S. Court of Appeals for the Fourth Circuit in *United States v. Norman*, 935 F.3d 232, 237 (4th Cir. 2019) (decided August 15, 2019), for the proposition that a conspiracy under 21 U.S.C. § 846 is not a drug trafficking crime for purposes of a Chapter Four Enhancement under the Sentencing Guidelines.

It is not necessary for this Court to discuss the merits of the *Norman* decision or its potential application to the facts of the Defendant's case.  The right asserted by the Defendant is not one that has been recognized by the Supreme Court or made retroactively applicable to cases on collateral review.  Accordingly, the Defendant's Motion is untimely.

The Court has completed its initial review of the Defendant's Motion and concludes that the files and records conclusively show that the Defendant is entitled to no relief, and his Motion will be denied.

A petitioner under 28 U.S.C. § 2255 may not appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability will not be granted unless the movant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To show this denial, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Defendant has made no such showing, and no certificate of appealability will be issued.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 40, is denied;
2. No certificate of appealability will be issued; and
3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 24th day of June 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge