**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **8:14CR132** |
| vs. | |
| **MATTHEW DWAIN RENNER,** | **ORDER** |
| Defendant. | |

This matter is before the Court on Defendant Matthew Dwain Renner's Notice of Appeal, ECF No. 42, construed as a Request for Certificate of Appealability, and Clerk's Memorandum regarding Defendant's in forma pauperis status, ECF No. 43.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Defendant seeks to appeal the Court's denial of his § 2255 petition, arguing the Court erred in applying a Chapter Four Enhancement to his sentence for the reasons stated by the Fourth Circuit in *United States v. Norman*, 935 F.3d 232, 237 (4th Cir. 2019).

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

      (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).

The only relevant date in this case under § 2255(f) is the date on which the judgment of conviction became final. Renner was sentenced on January 5, 2015, the Judgment was entered on January 8, 2015, and the conviction became final on January 22, 2015. *See Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005) (citing Fed. R. App. P. 4(b)(1)(A); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.")). Renner did not file his § 2255 petition until June 15, 2020—more than four years after the deadline to file. Therefore, the Court certifies that this appeal is not taken in good faith, and Defendant is not permitted to proceed on appeal in forma pauperis.

The Court declined to issue a certificate of appealability when it denied Defendant's petition. Defendant's Notice of Appeal is construed as a request for a certificate of appealability addressed to the judges of the Court of Appeals. Fed. R. App. P. 22(b)(2).

Accordingly,

IT IS ORDERED:

1. Defendant may not proceed on appeal in forma pauperis;

2. The Clerk of Court is directed to forward Defendant's Notice of Appeal, ECF No. 42, construed as a request for a certificate of appealability, to the United States Court of Appeals for the Eighth Circuit;

3. The Clerk of Court shall send a copy of this Order to the United States Court of Appeals for the Eighth Circuit; and

4. The Clerk of Court shall mail a copy of this Order to the Defendant at his last known address.

Dated this 20th day of July 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge