IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTHEW RENNER,<br><br>    Defendant. | 8:06CR341<br><br>8:14CR132<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion for Compassionate Release, ECF No. 71 in Case No. 8:06cr341. The Government opposes the Motion. *See* ECF No. 51 in Case No. 8:14cr132.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i)    extraordinary and compelling reasons warrant such a reduction;
          . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Defendant states that he submitted a request for compassionate release to his Warden on May 21, 2020, and the request was denied on May 28, 2020. Accordingly, the Court will address the Defendant's request for compassionate release.

The Defendant pled guilty to Count I of the Indictment in Case No. 8:14cr132, charging him with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Because he had two prior felony drug convictions, he was found to be a career offender and a Chapter Four Enhancement was applied pursuant to U.S.S.G. § 4B1.1. He was sentenced on January 5, 2015, to a term of 188 months imprisonment and five years of supervised release. Judgment was entered on January 8, 2015. He did not appeal, nor did he file any timely motions under § 2255. He filed an untimely motion under § 2255, which was denied, and his appeal of that denial is pending before the U.S. Court of Appeals for the Eighth Circuit. *Renner v. United States*, No. 20-2509 (8th Cir. filed July 24, 2020).

In Case No. 8:06cr341, the Defendant was found guilty of a violation of the conditions of his supervised release—based on the conduct leading to the charge in Case No. 8:14cr132—and sentenced to 24 months imprisonment, to run consecutive to the term imposed in Case No. 8:14cr132. Accordingly, his term of custody totals 212 months

He now seeks release from custody due to the coronavirus pandemic. He is 42 years of age and notes that he suffers from obesity, asthma, a hernia, and psoriasis, all of which he believes may make him more vulnerable to adverse health consequences

from the virus.  He is currently housed at the Bureau of Prisons facility in Yankton, South Dakota.[1]

Accepting all the Defendant's factual allegations as true, the Court cannot conclude that he has shown any extraordinary and compelling reason for a reduction of his sentence or his release from custody.  A reduction of his sentence to time served would also be contrary to the factors the Court must consider under 18 U.S.C. in § 3553(a)(1),[2] (2)(A) through (C),[3] and (6).[4]  Accordingly, the Court will not address applicable policy statements issued by the Sentencing Commission, U.S.S.G. § 1B1.13 and application notes, or whether the Defendant is a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).

IT IS ORDERED:

The Defendant's Motion for Compassionate Release, ECF No. 71 in Case No. 8:06cr341 is denied.

Dated this 16th day of September 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[1] As of the date of this Memorandum and Order, there does not appear to have been any outbreak of coronavirus at that facility.  *See* https://www.bop.gov/coronavirus/.

[2] "[T]he nature and circumstances of the offense and the history and characteristics of the defendant . . . ."

[3] "[T]he need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant . . . ."

[4] "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."