IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>MATTHEW RENNER,<br><br>        Defendant. | 8:14-CR-132<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b). Filing 57. Defendant seeks an order "to set aside the [default] judgement entered in this action on June 20th 2020" and to set aside the Court's order denying Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing 41 (the "§ 2255 Order"). The Court incorporates by reference the § 2255 Order, which includes a summary of Defendant's sentencing history.[1]

Defendant apparently seeks reconsideration of the orders referenced. As an initial matter, the first order referenced does not exist. The Court never entered default judgment against Defendant and did not enter any order in this case on June 20, 2020, nor did the Court enter an order on that date in Defendant's other case, Case No. 8:06-cr-341. To the extent Defendant seeks to vacate the Court's Order entered on July 20, 2020, that order was considered and summarily affirmed by the Eighth Circuit Court of Appeals. Filing 54.

As to the § 2255 Order, the Court notes the Eighth Circuit has so far declined to "decide whether to import the civil motion for reconsideration standard into the criminal context." *United States v. Luger*, 837 F.3d 870, 875-76 (8th Cir. 2016). Nevertheless, in civil cases, a motion to

---

[1] The late Senior District Judge Laurie Smith Camp entered the § 2255 Order. This matter was reassigned to the undersigned judge on July 12, 2021, after Judge Smith Camp's untimely and unexpected death. Filing 56.

reconsider serves the limited purposes of correcting manifest factual or legal errors and presenting newly discovered evidence. *Id.*

Even if the civil standard applies in this case, Defendant identifies no valid basis to vacate the § 2255 Order. First, Defendant already attempted to appeal the § 2255 Order. The Eighth Circuit affirmed the Court's conclusion that Defendant's Motion under § 2255 was timely. Filing 54. Second, Defendant identifies no other valid legal basis to reconsider the § 2255 Order. Defendant's only reference to any legal authority is *Johnson v. United States*, 559 U.S. 133 (2010). *Johnson* was decided in 2010, several years before Defendant was sentenced. Thus, Defendant asserts no right that has been made retroactively applicable to his on collateral review. Moreover, the Court finds no material errors in its prior judgment, and for the reasons stated in its previous § 2255 Order, Defendant's Motion is denied.

IT IS ORDERED.

1. Defendant's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b), Filing 57, is denied; and
2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 19th day of October, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge